IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN F. WRIGHT, JR.,

            Petitioner,                              ORDER

    v.                                               17-cv-589-wmc

WISCONSIN DEPT. OF CORRECTIONS,
DIVISION OF COMMUNITY CORRECTIONS,

            Respondent.

---

John Wright, Jr. has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1.) Petitioner challenges his April 2016 conviction in Dane County Case 2015CF1102 on one count of battery and one count of domestic abuse disorderly conduct. He is currently serving a term of extended supervision in custody of the Wisconsin Department of Corrections, Division of Community Corrections, having recently been released from Redgranite Correctional Institution.

After he filed his petition, Wright filed a motion to amend his petition to include copies of certain documents that he filed in the state courts. (Dkt. #6.) Because Wright's new documents relate to the grounds for relief set forth in his petition, the court will grant this motion and consider these additional filings to be supplements to the petition for purposes of its Rule 4 review.

The petition, as amended, is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 provides that when conducting

1

this review,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the court's initial review of habeas petitions, it looks to see whether the petitioner has set forth cognizable constitutional or federal law claims, exhausted available state remedies, and whether the petition is timely.

Petitioner asserts that the prosecutors who handled his case presented perjured testimony and tainted evidence at trial. (Pet., dkt.#1, at p.6.) In addition, he asserts that his trial lawyer was ineffective for allowing this to happen and for not calling his son as a witness, and that his appellate lawyer was ineffective for advising petitioner that she saw no meritorious grounds for appeal. (*Id*. at p.8-9.) Finally, petitioner accuses the trial judge, an appellate court judge and all of the justices on the Wisconsin Supreme Court of judicial misconduct for denying various motions that he filed. (*Id*. at p.9-11).

Although petitioner's first two claims are of questionable merit and his third is without merit, it is not necessary to evaluate their plausibility because it appears petitioner has failed to exhaust his state court remedies. Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust his claims by invoking "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A). A petitioner exhausts his constitutional claim

when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). In Wisconsin, this means that a petitioner must pursue his claims all the way to the Wisconsin Supreme Court.

When he filed his federal petition in July 2017, petitioner asserted that he was in the process of exhausting his claims in the Wisconsin Court of Appeals. (Dkt.#1, ¶15.) According to the state court docket sheet for Dane County Case 2015CF1102 (available at http://wcca.wicourts.gov (last visited September 17, 2018)), the Wisconsin Court of Appeals issued an order on June 6, 2018, summarily affirming Wright's judgment of conviction and the trial court's order denying his motion for postconviction relief. Pursuant to Wis. Stat. § 808.10 and Wis. Stat. § (Rule) 809.62, Wright had 30 days from that date, or until July 6, 2018, in which to file a petition for review with the Wisconsin Supreme Court. According to the state court docket sheet, Wright did not file a petition for review.[1]

When a petitioner fails to fully exhaust his state court remedies and it is now too late for him to do so, his failure to exhaust is called a "procedural default" that bars the federal court from hearing the claims unless the prisoner can show cause and prejudice for his failure to exhaust his claims, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), or that dismissal would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S.

---

[1] In June 2017, petitioner filed a petition for an "original action" in the Wisconsin Supreme Court pursuant to Wis. Stat. 809.70, which was denied *ex parte*. That filing was outside the "state's established review process" for challenging a conviction and therefore does not satisfy the exhaustion requirement.

3

298, 315 (1995). To meet the "cause" exception, a petitioner must show that there was "some objective factor external to the defense" that prevented him from pursuing his claim in state court. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). To satisfy the latter exception, the petitioner must show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 315.

Because it appears from publicly-available documents that Wright procedurally defaulted his claims by failing to petition the Wisconsin Supreme Court for review, this court will not rule on the merits of Wright's federal habeas petition at this time. Instead, the court will direct petitioner to file a response to this order showing cause why the court should not dismiss his habeas petition on grounds of procedural default for his failure to exhaust his state court remedies. Petitioner may accomplish this by showing one of the following things: (1) he did not include all of his federal claims in his state court direct appeal *and* a state court procedure is available by which he still may be able to raise the claims in state court; (2) some objective factor external to the defense prevented him from filing a petition for review with the Wisconsin Supreme Court; or (3) no reasonable juror would have convicted him in light of new evidence that was not presented at trial. Petitioner should also include a copy of the Wisconsin Court of Appeals' June 6, 2018 order with his response.

If petitioner fails to file a response to this order as directed by October 22, 2018, then presiding judge William Conley likely will dismiss the petition for failure to prosecute.

ORDER

IT IS ORDERED that:

1. Petitioner's motion to amend his petition, dkt. # 6, is GRANTED; and

2. Not later than October 22, 2018, petitioner John Wright, Jr. must file a response to this order showing cause why the court should not dismiss his petition on grounds of procedural default for his failure to exhaust his state court remedies. Petitioner may accomplish this by showing ONE of the following: (1) he did not include all of his federal claims in his state court direct appeal *and* a state court procedure is available by which he still may be able to do so; (2) some objective factor external to the defense prevented him from filing a petition for review with the Wisconsin Supreme Court; or (3) no reasonable juror would have convicted him in light of new evidence that was not presented at trial. Petitioner must also include a copy of the Wisconsin Court of Appeals' June 6, 2018 order with his response.

In the event petitioner fails to file a response to this order by October 18, 2018, then the presiding judge is likely to dismiss his petition for failure to prosecute it.

Entered this 20th day of September, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge