IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
------------------------------------------------------------

JOHN F. WRIGHT, JR.,

                    Petitioner,                    OPINION AND ORDER

      v.                                           17-cv-589-wmc

WISCONSIN DEPT. OF CORRECTIONS,
DIVISION OF COMMUNITY CORRECTIONS,

                    Respondent.
------------------------------------------------------------

John Wright, Jr. has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he claims that his 2016 conviction in the Circuit Court for Dane County for battery and domestic abuse disorderly conduct was obtained in violation of his constitutional rights. (Dkt. #1.) On September 20, 2018, Magistrate Judge Stephen Crocker reviewed the petition and construed it as raising the following claims: (1) the prosecutors who handled petitioner's case presented perjured testimony and tainted evidence at trial; (2) petitioner's trial counsel was ineffective for allowing the perjury to occur and for not calling petitioner's son as a witness; (3) petitioner's appellate counsel was ineffective for advising petitioner that she saw no meritorious grounds for appeal; and (4) the trial judge, an appellate court judge and all of the justices of the Wisconsin Supreme Court engaged in judicial misconduct when they denied various motions brought by petitioner. (Dkt. # 8.) The magistrate judge concluded, after reviewing the petition and publicly-available documents, that petitioner had more than likely procedurally defaulted

any federal claims -- to the extent they were viable -- by failing to petition the Wisconsin Supreme Court for review after the Wisconsin Court of Appeals summarily affirmed his conviction. Accordingly, the magistrate judge directed petitioner to show cause why the court should not dismiss his petition on grounds of procedural default; more specifically, petitioner was ordered to show one of the following: (1) he did not include all of his federal claims in his state court direct appeal *and* a state court procedure is available by which he still may be able to do so; (2) some objective factor external to the defense prevented him from filing a petition for review with the Wisconsin Supreme Court; or (3) no reasonable juror would have convicted him in light of new evidence that was not presented at trial.

Petitioner has now responded to the magistrate judge's order. (Dkt. #9.) Although he has submitted a slew of documents to support his claim that his conviction was obtained and upheld as a result of a far-ranging conspiracy involving the police, the prosecutor, his trial and appellate attorneys, and various state court judges, none of these documents provides a reason for this court to overlook petitioner's procedural default and hear his petition on the merits. Accordingly, the court must dismiss the petition.

OPINION

Before seeking a writ of habeas corpus in federal court, a state prisoner must first give the state courts a full and fair opportunity to resolve any federal constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A). This legal

principle, known as comity, recognizes that state and federal courts are equally bound to guard against constitutional violations and that federal courts will not overturn a state court conviction unless the state courts have had an opportunity to correct the violation in the first instance. *Id.*; *Rose v. Lundy*, 455 U.S. 509, 515 (1982). To ensure the state courts have had this opportunity, a state prisoner must exhaust his claims by invoking "one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 846. This means that he must present his claims to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). In Wisconsin, this means that a petitioner must pursue his claims all the way to the Wisconsin Supreme Court.

Petitioner did not do this, at least not in the way he was supposed to. As he acknowledges, he did not file a petition for review in the Wisconsin Supreme Court, which is the established procedure for seeking review of an adverse decision of the Wisconsin Court of Appeals. Wis. Stat. § 809.62. Instead, while his direct appeal was pending before the state court of appeals, petitioner filed a "Petition for An Original Action" in the Wisconsin Supreme Court. Such actions, although authorized by Article VII, Section 3(2) of the Wisconsin Constitution, are not part of the state's "established appellate review process" for reviewing criminal convictions, but rather are reserved for "exceptional cases in which a judgment by the court significantly affects the community at large." *Wis. Prof'l Police Ass'n, Inc. v. Lightbourn*, 2001 WI 59, ¶ 4, 243 Wis. 2d 512, 627 N.W.2d 807. Under *Boerckel*, therefore, petitioner's original action does not "count" towards satisfying the

exhaustion requirement. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (petitioner must fairly present his claims "in each appropriate state court" as established by state procedure).

As the magistrate judge explained in his order, a petitioner's failure to fully exhaust his state court remedies in accordance with state law -- as petitioner did here -- constitutes a "procedural default" that bars the federal court from hearing the claims unless the petitioner can meet certain criteria. (9/21/18 Op. & Order (dkt. #8) 3-4.) As noted previously, the magistrate judge spelled out expressly what petitioner had to show in order to satisfy these criteria. Having reviewed petitioner's response to the magistrate judge's order, the court finds that petitioner has wholly failed to satisfy his burden. Petitioner does not explain why he failed to file a petition for review with the Wisconsin Supreme Court, other than to refer to the fact that he was proceeding *pro se*. However, a prisoner's *pro se* status does not constitute "cause" for a default. *See Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (petitioner's *pro se* status does not constitute adequate grounds for cause). Similarly, petitioner's lack of education or legal knowledge are not "external impediments" that would excuse a procedural default. *See, e.g., Dellinger v. Bowen*, 301 F.3d 758, 763 (7th Cir. 2002) (petitioner's youth and lack of education did not constitute cause); *Henderson v. Cohn*, 919 F.2d 1270, 1272-73 (7th Cir. 1990) (petitioner's illiteracy and limited education insufficient to establish cause).

Petitioner has not attempted to show that he is actually innocent, *see Schlup v. Delo*, 513 U.S. 298, 315 (1995), nor does he assert that he has additional federal claims that he could still raise in the state courts. Instead, he insists that "numerous state officials" who

4

were involved with his case committed crimes in order to secure his conviction, and that the "public interest" demands that this court investigate those crimes and review his conviction. Convinced though petitioner may be, the documents he has attached to his response do not come close to establishing criminal behavior, and they certainly fail to provide this court with a reason to overlook his default and review his conviction. As a result, this court must dismiss the petition on grounds of procedural default.

Finally, the court declines to issue a certificate of appealability as to the claims advanced in the habeas corpus petition. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases. For the reasons stated in this order, the court finds that reasonable jurists would not debate whether this court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.")

ORDER

IT IS ORDERED that the petition of John Wright, Jr. for a writ of habeas corpus is DENIED. No certificate of appealability shall issue.

Entered this 19th day of September, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge